**Royce Keith WILLIAMS,
Plaintiff–Appellant,**

v.

**Nicole STOLAR; et al., Defendants–
Appellees.**

**No. 13–55044.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 4, 2015.

Royce Keith Williams, Daingerfield, TX,
pro se.

Nathan Aaron Perea, Esquire, Douglas
Charles Smith, Esquire, Smith Law Offices, APC, Riverside, CA, Christopher D.
Lockwood, Arias & Lockwood, Sam Bernardino, CA, Blakney Ann Boggs, Esquire,
Peter James Ferguson, Ferguson, Praet &
Sherman, Santa Ana, CA, for Defendants–
Appellees.

Before: McKEOWN, CLIFTON, and
HURWITZ, Circuit Judges.

## MEMORANDUM **

Royce Keith Williams appeals pro se
from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his Fourteenth Amendment due process rights arising out of the
removal of his minor son without prior
judicial authorization. We have jurisdiction under 28 U.S.C. § 1291. We review
de novo. *Mabe v. San Bernardino Cnty.,
Dep't of Pub. Soc. Servs.,* 237 F.3d 1101,
1106 (9th Cir.2001). We may affirm on
any basis supported by the record.
*McSherry v. City of Long Beach,* 584 F.3d
1129, 1135 (9th Cir.2009). We affirm.

Summary judgment was properly granted to Stolar and Fisher because they were
entitled to qualified immunity, as it would
not have been clear to every reasonable
social worker and police officer that the
removal of Williams's minor son was unlawful under the circumstances presented.
*See Ashcroft v. al-Kidd,* 563 U.S. 731, 131
S.Ct. 2074, 2080, 2083, 179 L.Ed.2d 1149
(2011) (explaining two-part test for qualified immunity); *see also Wallis v. Spencer,*
202 F.3d 1126, 1138 (9th Cir.2000) (government officials cannot remove a child from a
parent's custody without prior judicial authorization unless they possess information
at the time of the seizure that establishes
"reasonable cause to believe that the child
is in imminent danger of serious bodily
injury and that the scope of the intrusion
is reasonably necessary to avert that specific injury").

We do not consider issues or arguments
not specifically and distinctly raised and
argued in the opening brief, or arguments
and allegations raised for the first time on
appeal. *See Padgett v. Wright,* 587 F.3d
983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.